UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Columbia Insurance Company,<br><br>Plaintiff,<br>v.<br><br>William Edmund Reynolds, Jr., Angela D. Reynolds, and Christopher Kamil Waymer, individually and d/b/a Q.E. Trucking,<br><br>Defendants. | Case No.: 2:18-cv-2975-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants William Edmund Reynolds, Jr., Angela D. Reynolds and Christopher Kamil Waymer's Motions to Dismiss[1] (Dkt. Nos. 10, 12). For the reasons set forth below, the Court denies the Motions.[2]

I. **Background**

This case arises out of a car accident on December 16, 2013 (the "accident") in Colleton County between William Reynolds and his wife, Angela Reynolds and Plaintiff Christopher Waymer. (Dkt. No. 1 at ¶ 10.) The Reynolds were injured during the accident. (*Id.* at ¶ 12.) Plaintiff Waymer was allegedly insured at the time by a $1 million commercial liability insurance policy issued by Defendant Columbia Insurance Company ("CIC"). (*Id.* at ¶ 11.) CIC retained an attorney, James M. Saleeby, Jr. to represent Defendant Waymer with regard to the accident, and Defendant Waymer ultimately also retained his own counsel, Matthew V. Creech. (*Id.* at ¶¶ 14 – 15.) The Reynolds Defendants retained counsel as well. (*Id.* at ¶ 15.)

---

[1] Defendant Waymer joins the Reynolds Defendants' motion, which contains the applicable arguments of the Defendants. (Dkt. No. 12.)

[2] This action is parallel to another case brought in this Court by Defendant Waymer against Plaintiff Columbia Insurance Company and others for claims of breach of contract, bad faith and civil conspiracy. (*See* Case No. 2:19-cv-260-RMG, "Bad Faith Action.")

On January 23, 2014, counsel for the Reynolds sent a demand letter, offering to settle for the $1 million policy limit. (*Id.* at ¶ 15.) The settlement offer was time limited and was not accepted by its expiration date of February 6, 2014. (*Id.* at ¶ 18.) Plaintiff CIC alleges that the offer was not accepted as Mr. Saleeby informed the Reynolds' counsel that he would be unable to respond to the settlement offer within the time limit as he was still investigating the claims and he had not received the Reynolds' medical records by the time the offer expired. (*Id.* at ¶¶ 22 – 35.)

On April 4, 2014, the Reynolds separately filed a tort action against Plaintiff Waymer in the Colleton County Court of Common Pleas (the "State Court Actions").[3] (*Id.* at ¶ 36.) On April 28, 2014, CIC offered to tender the full policy limit as a settlement offer, however the Reynolds declined. (*Id.* at ¶¶ 38 – 39.) A subsequent "high-low" settlement offer by the Reynolds, for a "high" of $3,500,000 and a "low" of $1,000,000" dependent on a trier of facts determination of bad faith, was also declined by Defendant CIC. (*Id.* at ¶¶ 39 – 43.)

While those actions were pending, Defendant CIC filed a declaratory judgment action in this Court seeking a declaration that its actions were reasonable. (*See* Case No. 2:14-4739-RMG, Dkt. No. 1, the "2014 Action.") This Court ultimately dismissed the case as not ripe as the issue of good faith and reasonableness were hypothetical during the pending State Court Actions, and alternatively dismissed the case on abstention grounds. *See Columbia Ins. Co. v. Reynolds*, 225 F. Supp. 3d 375 (D.S.C. 2016). Notably, CIC alleges that before the resolution of the 2014 Action Waymer shared the defense file of his CIC-provided counsel, Saleeby, with the Reynolds' counsel in the State Court Actions, who is also serving as defense counsel to the Reynolds here. (Dkt. No. 1 at ¶ 46; *See* 2014 Action Docket Number 24.) The file allegedly included unredacted versions of documents that this Court had permitted redactions of. (*Id.*)

---

[3] *See* Colleton County Court of Common Pleas Case Nos. 2014CP1500274; 2014CP1500273.

After a damages hearing was held on October 24, 2018 in the State Court Actions, it was determined that those cases will result in damages against Waymer in excess of the $1 million policy limit. (Dkt. No. 1 at ¶ 48.) An Order of Judgment dated November 16, 2018 awarded $3.5 million to Angela Reynolds and $3 million to William Reynolds. (Dkt. No. 18-9.)

Shortly after the October 24th damages hearing, both Waymer and CIC filed additional actions. On November 2, 2018, CIC filed this declaratory judgment action, seeking a declaration that CIC acted reasonably and in good faith in declining two settlement offers, and a declaration that Plaintiff Waymer breached his duty to cooperate by providing privileged documents he acquired from his CIC-provided counsel in the State Court Actions to opposing counsel in the State Court Actions. (*Id.* at ¶¶ 49 – 60.) Three days later, on November 5, 2018, Plaintiff Waymer filed the Bad Faith Action against Defendant CIC, alleging breach of contract and bad faith against CIC, and a civil conspiracy between CIC and its claim investigators. (*See* Bad Faith Action, Dkt. No. 1-1.) Concurrent with this Order, the Court denied a motion to remand the Bad Faith Action and dismissed the claim for civil conspiracy.

Defendants now file these motions to dismiss, arguing that the case was not properly brought as a declaratory judgment as there is no actual controversy, and that the Court should decline to exercise jurisdiction over this declaratory judgment action based on the Bad Faith Action, which was previously pending as a parallel action in state court. (Dkt. No. 10.) Plaintiff CIC opposes the motion, and Defendants filed a reply. (Dkt. Nos. 18, 22, 23.)

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."[4] Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[4] Defendants also filed their motion under Rule 12(b)(1), based on the argument that the Court should abstain from hearing the declaratory judgment claim. While the standard applied does not affect the outcome of this motion, where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, instead, the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.*

-4-

## III. Discussion

This action, now before the Court after damages have been determined in the underlying State Court Actions, presents an actual controversy within the Court's jurisdiction amenable to treatment as a declaratory judgment. Indeed, this Court and courts in this district routinely issue declaratory judgments regarding the duties of insurers under policies where underlying state courts cases have since resolved.[5] *See, e.g., Owners Ins. Co. v. Cruz Accessories*, No. 2:17-CV-2215-RMG, 2018 WL 4654704, at *2 (D.S.C. Sept. 27, 2018) (ruling where insurer sought "declaration that the [policy] does not provide coverage for the Underlying Case and it is not obligated to defend and/or indemnify Defendants in the underlying action."); *State Farm Fire & Cas. Co. v. Blanton*, No. 4:13-CV-2508-RBH, 2015 WL 9239788, at *6 (D.S.C. Dec. 17, 2015) ("The Court finds that considerations of federalism, efficiency, and comity support this Court exercising jurisdiction over the case, where at this time, the state action is no longer pending. The Court further finds that an actual controversy exists regarding the issues of coverage and…[defendant's] counterclaims.").

Defendants next argue the Court should abstain from hearing this case based on the abstention doctrine of *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994), which ruled that the discretion to decline a declaratory judgment action should be guided by:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ] (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law,'…[and (iv)] whether the declaratory judgment action is being used merely as a device for 'procedural fencing.'

---

[5] Further, an actual controversy exists here between the insurer, CIC, and injured third-parties, the Reynolds, as "the insurer has initiated a declaratory judgment action against both its insured and the injured third-party seeking court determination of its obligations under an insurance policy." *Penn Am. Ins. Co. v. Valade*, 28 F. App'x 253, 256 (4th Cir. 2002) *citing Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941).

However, while Defendants' motion was filed prior to this Court denying Waymer's motion to remand in the Bad Faith Action, now all other claims are currently pending before this Court, including Waymer's breach of contract and the underlying State Court Actions have since resolved with a judgment. Therefore, the federalism concerns raised by Defendants here are no longer relevant. Regardless, even assessing the *Nautilus* factors, it is clear the Court should not abstain here: the state has limited interest as the State Court Action has resolved; there is no longer a bad faith action pending the state court; there would be no entanglement between the federal and state courts as the State Court Action has an Order of Judgment, and; as this case and the Bad Faith Action will proceed concurrently, there is no concern of the case being used as procedural fencing. Instead, a judgment has already been ordered in the State Court Actions and, as this Court has jurisdiction in the Bad Faith Action, it is most efficient for the Court to resolve all of these claims arising out of the same facts at once.[6]

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants William Edmund Reynolds, Jr., Angela D. Renolds and Christopher Kamil Waymer's Motions to Dismiss (Dkt. Nos. 10, 12).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

August 7, 2019
Charleston, South Carolina

---

[6] Defendants reliance on *Tucker Materials, Inc. v. Safesound Acoustics, Inc.*, 971 F. Supp. 2d 537, 542 (W.D.N.C. 2013) does not counsel a different conclusion, as it similarly was applying the *Nautilus* factors because of a pending state court action. Further, while this case was filed prior to the judgment in the State Court Actions, at the point these motions were filed, and at the time of this Order, the special referee issued an Order of Judgment. (Dkt. No. 18-9.)